Order Filed on December 23, 2025
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**FRIEDMAN VARTOLO LLP**<br>1325 Franklin Avenue, Suite 160<br>Garden City, NY 11530<br>bankruptcy@friedmanvartolo.com<br>T: (212) 471-5100<br>F: (212) 471-5150<br>Attorneys for Carrington Mortgage Services, LLC as Servicer for JPMorgan Chase Bank, National Association |
| In Re:<br><br>Cynthia B. Spitznagel,<br><br>Debtor(s) |

CASE NO.: 21-19604-SLM

CHAPTER: 13

HON. JUDGE.: Stacey L. Meisel

HEARING DATE: November 12, 2025

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY

The relief set forth on the following pages numbered two (2) - three (3) is hereby **ORDERED**

**DATED: December 23, 2025**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Upon the motion of Carrington Mortgage Services, LLC as Servicer for JPMorgan Chase Bank, National Association, on behalf of its successors and/or assigns (hereinafter collectively "Secured Creditor" and/or "Movant") under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

**ORDERED** that the motion is granted and the stay of Bankruptcy Code Section 362(a) is terminated to permit the Movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant`s rights in the following:

[x] Real property commonly known and more fully described as: 25 Bedford Road, Summit, NJ 07901

It is further **ORDERED** that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further **ORDERED** that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code

It is further **ORDERED** that the Co-Debtor stay in effect as it pertains to John Spitznagel Jr. pursuant to section 1301(a) of the Bankruptcy Code is hereby modified to allow Movant its successors and/or assigns to commence and /or continue with a foreclosure action and eviction proceeding with regard to the Premises

It is further **ORDERED** that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable non-bankruptcy law.

It is further **ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor.

It is further **ORDERED**, that the instant order is binding in the event of a conversion

It is further **ORDERED**, that the movant shall serve this order on the debtor, any trustee, and any other party who entered an appearance on the motion

**UPON** execution and entry of the Order granting the relief requested, the requirements specified in both (1) Fed. R. Bankr. P. 3002.1 (b) regarding Notice of Mortgage Payment Changes and (2) Fed. R. Bankr. P. 3002.1 (c) regarding Notice of Post-petition Mortgage Fees, Expenses and Charges are hereby waived, or made inapplicable, during the pendency of the within bankruptcy case.